# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Ashley Burch and Megan Burch, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER DENYING MOTION** |
| | ) | **TO PRECLUDE EXPERTS** |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | Case No. 4:13-cv-050 |
| Defendant. | ) | |

Before the court is the "United States' Motion to Preclude Experts" filed November 4, 2014. The United States argues that plaintiffs should be precluded from offering expert testimony because they failed to make timely expert disclosures as required by Fed. R. Civ. P. 26. Plaintiffs oppose the motion and argue that their treating medical providers should be permitted to testify as to causation and damages.

In the original scheduling plan, plaintiffs' expert disclosure deadline was set for May 1, 2014. The parties subsequently agreed to extend that deadline by 30 days. In the email exchange documenting the extension, plaintiffs' counsel informed the United States' counsel that he intended to disclose several of plaintiffs' treating physicians as plaintiffs' only experts. On May 30, 2014, plaintiffs' counsel sent an email informing the United States' counsel that he was still waiting for plaintiffs' medical records and requesting a phone call to discuss the timing of expert disclosures. The United States' counsel responded, "Call anytime." Plaintiffs' counsel acknowledges that he failed to follow up to establish a new expert disclosure deadline. However, plaintiffs assert that precluding their treating medical providers from testifying is not warranted because (1) plaintiffs' initial disclosures identified the majority of the treating medical providers and included medical

1

records and billings and (2) plaintiffs had made the required expert disclosures as of the time of the filing of their response.

Fed. R. Civ. P. 37(c)(1) provides that a court may preclude a witness from testifying or impose other sanctions if a party fails to disclose expert witnesses as required by Rule 26(e) unless the failure was substantially justified or is harmless. Rule 37(c)(1) gives the court "wide discretion to fashion a remedy or sanction as appropriate." Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). However, the court's "discretion narrows as the severity of the sanction or remedy it elects increases." Id.; see ELCA Enterprises, Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 190 (8th Cir. 1995) ("Exclusion of evidence is a harsh penalty, and should be used sparingly."). Among the factors the court should consider in determining the appropriate remedy or sanction are "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." Wegener, 527 F.3d at 692.

Under the circumstances, the court finds that excluding plaintiffs' treating medical providers from testifying would be unduly harsh. Accordingly, the United States' motion (Docket No. 17) is **DENIED**. The court's decision is based in part on the facts that plaintiffs identified most of their treating medical providers in their initial disclosures and that counsel for the United States was aware that plaintiffs intended to disclose their medical providers as experts. Further, if the United States believes it needs to conduct additional discovery as a result of the disclosures, such discovery can likely be completed before trial. Finally, if the United States believes the required discovery cannot be completed before trial, it can request a continuance.

Given the stage of the proceedings, the court notes that if the parties are interested in a court-

hosted settlement conference, they can contact chambers to request that a settlement conference be scheduled.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court